B. Newal Squyres (ISB #1621)
Pamela S. Howland (ISB #6177)
HOLLAND & HART LLP
800 West Main Street, Suite 1750
Post Office Box 2527
Boise, Idaho  83701-2527
Telephone:  (208) 342-5000
Facsimile:   (208) 343-8869
nsquyres@hollandhart.com
phowland@hollandhart.com

Attorneys for Defendant MAXIMUS Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YVETTE NORTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MAXIMUS INC., <br><br> Defendant. | Case No.  1:14-cv-00030-WBS <br><br> **ANSWER TO COLLECTIVE ACTION COMPLAINT** |

Defendant MAXIMUS INC. ("MAXIMUS") hereby answers the Collective Action Complaint (the "Complaint") of Yvette Norton, et al. ("Plaintiffs") by admitting, denying, and alleging as follows.

### FIRST DEFENSE

1. Plaintiffs' claims are barred in whole or in part by their failure to state a claim.

### SECOND DEFENSE

2. MAXIMUS denies each and every statement and allegation in the Complaint that is not expressly and specifically admitted herein.

3. Paragraph 1 states factual allegations and legal conclusions to which no response is required by MAXIMUS.  To the extent a response is required, MAXIMUS denies the allegations in Paragraph 1.

4. MAXIMUS admits the allegations in Paragraph 2 insofar as it operates facilities in Boise, Idaho, and Brownsville, Texas. These facilities house the call centers that provide support for the Affordable Care Act under the Customer Contact Center Operations ("CCO") project. MAXIMUS denies the remaining allegations in Paragraph 2.

5. Paragraph 3 states legal conclusions to which no response by MAXIMUS is required. To the extent a response is required, MAXIMUS denies the allegations in Paragraph 3.

6. MAXIMUS admits the allegations in Paragraphs 4 and 5 insofar as it employs Trainers and Supervisors in Boise, Idaho, and Brownsville, Texas, and that the Trainers and Supervisors perform a number of different tasks and duties. Trainers, generally, train customer service agents and Supervisors. Supervisors, generally, supervise the customer service agents. The remaining allegations state legal conclusions to which no response by MAXIMUS is required. To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 4 and 5.

7. Paragraph 6 states legal conclusions to which no response is required by MAXIMUS. To the extent a response is required, MAXIMUS denies the allegations in Paragraph 6.

8. MAXIMUS lacks sufficient information to form a belief as to the truth or the falsity of the allegations in Paragraph 7 and, therefore, denies the same.

9. Paragraph 8 states legal conclusions to which no response is required by MAXIMUS. To the extent a response is required, MAXIMUS denies the allegations in Paragraph 8.

10. Paragraph 9 states factual allegations and legal conclusions to which no response is required by MAXIMUS. To the extent a response is required, MAXIMUS denies the allegations in Paragraph 9.

ANSWER TO COLLECTIVE ACTION COMPLAINT - 2

11. Paragraphs 10-13 state factual allegations and legal conclusions to which no response is required by MAXIMUS. To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 10-13.

12. Paragraph 14 states legal conclusions to which no response is required by MAXIMUS. To the extent a response is required, MAXIMUS denies the allegations in Paragraph 14.

13. MAXIMUS lacks information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 15. To the extent a response is required, MAXIMUS denies the allegations in Paragraph 15.

14. Paragraph 16 states factual allegations to which no response is required by MAXIMUS. To the extent a response is required, MAXIMUS denies the allegations in Paragraph 16 and denies that Plaintiffs are entitled to the damages outlined within Paragraph 16.

15. MAXIMUS admits the allegations in Paragraphs 17-20 insofar as it operates a facility in Boise, Idaho, and it employs Trainers and Supervisors there. The remaining allegations within Paragraphs 17-20 state legal conclusions to which no response is required. To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 17-20.

16. MAXIMUS admits the allegations in Paragraph 21 insofar as Plaintiff Jeannette Rodriguez-Guzman has worked for MAXIMUS in Boise as a Trainer since July 2013. MAXIMUS lacks information sufficient to form a belief as to the truth or the falsity of the remaining allegations in Paragraph 21 and therefore, denies the same.

17. MAXIMUS admits the allegations in Paragraph 22 insofar as Plaintiff Yvette Norton has worked for MAXIMUS in Boise as a Supervisor since August 2013. MAXIMUS lacks information sufficient to form a belief as to the truth or the falsity of the remaining allegations in Paragraph 22 and therefore, denies the same.

18. MAXIMUS admits the allegations in Paragraphs 23-29 insofar as the Plaintiffs named in these paragraphs have worked for MAXIMUS in Boise as Trainers since July 2013. MAXIMUS lacks information sufficient to form a belief as to the truth or the falsity of the remaining allegations in Paragraphs 23-29 and therefore, denies the same.

19. Paragraphs 30 and 31 state factual allegations and legal conclusions to which no response is required by MAXIMUS. To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 30 and 31.

20. MAXIMUS admits the allegations in Paragraph 32 insofar as it is a corporation organized under the laws of the state of Virginia with its headquarters and principal place of business in Reston, Virginia. MAXIMUS further admits that it operates a facility in Boise, Idaho, with a capacity of approximately 1800 employees and that it also operates a facility in Brownsville, Texas. The CCO project provides support for the Affordable Care Act. MAXIMUS denies the remaining allegations in Paragraph 32.

21. MAXIMUS admits the allegations in Paragraph 33 insofar as Supervisors in the CCO project are classified as exempt employees and are not compensated for time worked in excess of 40 hours per week. MAXIMUS denies the remaining allegations in Paragraph 33.

22. MAXIMUS admits the allegations in Paragraph 34 insofar as Trainers in the CCO project were classified as exempt until February 1, 2014, when MAXIMUS voluntarily reclassified their positions to non-exempt and converted the Trainers to the prevailing wage specified in the applicable SCA wage determination. MAXIMUS denies the remaining allegations in Paragraph 34.

23. Paragraph 35 states legal conclusions to which no response is required. To the extent a response is required, MAXIMUS denies the allegations in Paragraph 35.

24.     MAXIMUS admits the allegations in Paragraph 36 insofar as its revenues in 2013 exceeded $500,000.  The remaining allegations of Paragraph 36 state legal conclusions to which no response is required.  To the extent a response is required, MAXIMUS denies the allegations in Paragraph 36.

25.     MAXIMUS admits the allegations in Paragraph 37 insofar as some Trainers, including those Trainers named as Plaintiffs in Paragraphs 21 and 23-29, began working for MAXIMUS in Boise, Idaho, in July 2013 and that the Trainer position was classified as exempt at that time.  MAXIMUS further admits that it voluntarily reclassified the Trainer position to non-exempt effective February 1, 2014, and converted the Trainers to the prevailing wage specified in the applicable SCA wage determination.  MAXIMUS denies the remaining allegations in Paragraph 37.

26.     MAXIMUS admits the allegations in Paragraphs 38-45 insofar as Trainers, generally, train customer service agents and Supervisors.  The remaining allegations in Paragraphs 38-45 state legal conclusions to which no response is required.  To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 38-45.

27.     MAXIMUS admits the allegations in Paragraph 46 insofar as some Trainers, including those Trainers named as Plaintiffs in Paragraphs 21 and 23-29, began working for MAXIMUS in Boise, Idaho, in July 2013 and that the Trainer position was classified as exempt at that time.  MAXIMUS further admits that it voluntarily reclassified the Trainer position to non-exempt effective February 1, 2014, and converted the Trainers to the prevailing wage specified in the applicable SCA wage determination.  MAXIMUS denies the remaining allegations in Paragraph 46.

28.     MAXIMUS lacks information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraphs 47 and 48 and, therefore, denies the same.

29. Paragraph 49 states legal conclusions to which no response is required by MAXIMUS. To the extent a response is required, MAXIMUS denies the allegations in Paragraph 49.

30. MAXIMUS lacks information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 50 and, therefore, denies the same.

31. Paragraphs 51 and 52 state legal conclusions to which no response by MAXIMUS is required. To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 51 and 52.

32. MAXIMUS admits the allegations in Paragraph 53 insofar as Supervisors are classified as exempt and do not receive overtime wages. MAXIMUS denies the remaining allegations in Paragraph 53.

33. MAXIMUS admits the allegations in Paragraphs 54-61 insofar as Supervisors, generally, supervise customer service agents. The remaining allegations in Paragraphs 54-61 state legal conclusions to which no response is required by MAXIMUS. To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 54-61.

34. MAXIMUS admits the allegations in Paragraph 62 insofar as Supervisors are classified as exempt. MAXIMUS denies the remaining allegations in Paragraph 62.

35. MAXIMUS lacks information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraphs 63-65 and, therefore, denies the same.

36. Paragraph 66 states legal conclusions to which no response by MAXIMUS is required. To the extent a response is required, MAXIMUS denies the allegations in Paragraph 66.

37. MAXIMUS lacks information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraphs 67 and 68 and, therefore, denies the same.

38.     Paragraph 69 contains incomplete allegations to which MAXIMUS cannot respond.  The remaining allegations in Paragraph 69 state legal conclusions to which no response is required by MAXIMUS.  To the extent a response is required, MAXIMUS denies the allegations in Paragraph 69.

39.     MAXIMUS admits the allegations in Paragraphs 70-100 insofar as the Trainer position was classified as exempt at the time the CCO locations opened in 2013.  MAXIMUS further admits that it voluntarily reclassified the Trainer position to non-exempt effective February 1, 2014, and converted the Trainers to the prevailing wage specified in the applicable SCA wage determination.  The remaining allegations in Paragraphs 70-100 state legal conclusions to which no response is required.  To the extent a response is required, MAXIMUS denies the remaining allegations in Paragraphs 70-100.

40.     Paragraphs 101-102 state factual allegations to which no response by MAXIMUS is required.  To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 101-102.

41.     Paragraph 103 states legal conclusions to which no response is required.  To the extent a response is required, MAXIMUS denies the allegations in Paragraph 103.

42.     MAXIMUS incorporates by reference all previous answers and responses as its response to Paragraph 104.

43.     Paragraphs 105-113 states legal conclusions to which no response by MAXIMUS is required.  To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 105-113.

44.     Paragraph 114 states legal conclusions to which no response by MAXIMUS is required.  To the extent a response is required, MAXIMUS denies the allegations in Paragraph 114 and that Plaintiffs are entitled to the relief set forth within it.

45.     MAXIMUS incorporates by reference all previous answers and responses as its response to Paragraph 115.

46.     Paragraphs 116-124 state legal conclusions to which no response by MAXIMUS is required. To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 116-124.

47.     Paragraphs 125-126 state legal conclusions to which no response is required. To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 125-126 and that Plaintiffs are entitled to the relief set forth within them.

48.     MAXIMUS incorporates by reference all previous answers and responses as its response to Paragraph 127.

49.     MAXIMUS lacks information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraphs 128-130 and, therefore, denies the same.

50.     MAXIMUS admits the allegations in Paragraphs 131-133 insofar as it voluntarily reclassified the Trainer position to non-exempt effective February 1, 2014, and converted the Trainers to the prevailing wage specified in the applicable SCA wage determination. The remaining allegations in Paragraphs 131-133 state legal conclusions to which no response by MAXIMUS is required. To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 131-133.

51.     Paragraphs 134-138 state legal conclusions to which no response is required. To the extent a response is required, MAXIMUS denies the allegations in Paragraphs 134-138.

52.     MAXIMUS denies that Plaintiffs are entitled to any relief, including the relief sought in subparagraphs A-M of the Prayer for Relief.

53.     MAXIMUS admits that Plaintiffs are entitled to the limited right to a jury trial afforded by the FLSA.

**THIRD DEFENSE**

54. Plaintiffs' Complaint is barred in whole or part because Plaintiffs were salaried employees working a fluctuating work week, and, as plead, at most would be entitled to half-time compensation in accordance with 29 C.F.R. § 778.114.

55. Plaintiffs' claims for premium overtime wages are barred as an end-run around the exclusive U.S. Department of Labor jurisdiction arising under the Service Contract Act and the Contract Work Hours Safety Standards Act, and the absence of any private cause of action thereunder.

56. Plaintiffs did not perform any uncompensated work.

57. All or part of the time for which the Plaintiffs seek compensation does not constitute compensable working time.

58. MAXIMUS has taken reasonable care to prevent or correct promptly any unlawful behavior, and Plaintiffs unreasonably have failed to take advantage of MAXIMUS's preventive and corrective opportunities to avoid harm otherwise.

59. Plaintiffs' claims are barred by the doctrines of estoppel, res judicata, unclean hands, waiver, laches, ratification, acquiescence, consent, accord and satisfaction, reimbursement, and payment and release.

60. Plaintiffs' claims are barred or reduced due to MAXIMUS's good faith, reasonableness, and adherence to industry standards.

61. MAXIMUS has acted reasonably and in good faith and has complied with federal and state laws.

62. Any and all of the actions taken by MAXIMUS were good-faith assertions of the rights of MAXIMUS and were therefore justified.

63. Plaintiffs did not engage in any legally protected activity. Any actions taken by MAXIMUS against the Plaintiffs were based on legitimate, non-retaliatory reasons.

64. Any claim for punitive damages or liquidated damages is unconstitutional and barred under the *Kolstad* doctrine. Such damages cannot be awarded on a theory of respondeat superior. Punitive or liquidated damages cannot be awarded due to MAXIMUS's good-faith efforts to comply with the law and Plaintiffs' bad faith in failing to notify MAXIMUS of their concerns or claims. MAXIMUS did not willfully or with reckless disregard deprive any persons who allegedly performed uncompensated work any wages to which they were entitled.

65. MAXIMUS is entitled to a credit or set-off for any additional compensation paid to Plaintiffs.

66. Plaintiffs' claims are barred as any wages due are *de minimis*.

67. Plaintiffs' claims are barred for failure to mitigate damages.

68. Plaintiffs have not exhausted administrative remedies.

69. Damages are too speculative to be awarded.

70. Plaintiffs are not similarly situated to the proposed class members or to any other person or persons for purposes of their wage claim.

71. Plaintiffs and any alleged class members do not have standing to prosecute certain claims based on MAXIMUS's alleged failure to compensate them for time worked.

72. Plaintiffs do not satisfy the requirements for a collective action under any statute or rule.

73. Plaintiffs' claims are barred by their own lack of good faith, breach of MAXIMUS policy and procedure, and fault.

74. To the extent that any Plaintiff has executed a release of claims, the claims are barred by the release.

75. Plaintiffs' claims are barred by the applicable statute of limitations.

76. MAXIMUS reserves the right to assert additional defenses as discovery progresses.

WHEREFORE, MAXIMUS seeks judgment against Plaintiffs and an order from the Court as follows:

A. Dismissing the Plaintiffs' Complaint with prejudice;

B. Awarding the Defendant its attorney fees, costs and expenses associated with this action; and

C. Awarding MAXIMUS such other and further relief as this Court deems just and proper.

DATED this 5th day of March 2014.

                        HOLLAND & HART LLP

                        By  */s/ Newal Squyres*
                            Newal Squyres, of the Firm
                            Attorneys for Defendant MAXIMUS Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th day of March 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

- **Howard A Belodoff**
  howardbelodoff@idaholegalaid.org,bevallen@idaholegalaid.org

- **Jeremiah Matthew Hudson**
  jeremiah@frhtriallawyers.com,jason@frhtriallawyers.com,jennifer@frhtriallawyers.com

                         */s/ Newal Squyres*
                         for HOLLAND & HART LLP

6711840_1