Howard A. Belodoff, ISB No. 2290
BELODOFF LAW OFFICE PLLC
1004 West Fort Street
Boise, ID 83702
Telephone: (208) 331-3378
Facsimile: (208) 947-0014
Email: hbelodoff@hotmail.com

Jeremiah M. Hudson, ISB No. 8364
Allison Blackman, ISB No. 8686
FISHER RAINEY HUDSON
950 West Bannock Street, Suite 630
Boise, ID 83702
Telephone: (208) 345-7000
Facsimile: (208) 514-1900
Email: jeremiah@frhtriallawyers.com
       allison@frhtriallawyers.com

*Attorneys for Plaintiffs
and the Putative Collective Action Members*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YVETTE NORTON, JEANNETTE RODRIGUEZ-GUZMAN, KELLY BARKER, JOSEPH BELL, BRAD EPPERLY, STEPHANIE JONES, KATHERINE KELLEY KNOWLES, NANCY RICHARDS, and MARK ZUMWALT, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>MAXIMUS INC.<br><br>*Defendant* | Civil Action No. 1:14-cv-00030<br><br>DECLARATION OF HOWARD A. BELODOFF IN SUPPORT OF MOTION TO AWARD ATTORNEY FEES AND COSTS |

I, HOWARD BELODOFF, declare under penalty of perjury as follows:

DECLARATION OF HOWARD A. BELODOFF IN SUPPORT OF MOTION TO AWARD
ATTORNEY FEES AND COSTS – Page 1

1.  I have been a member of the bar of the State of Idaho since September 1978. I am also admitted to practice before the United States District Court for the District of Idaho, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court.

2.  Since 1978, I have specialized in representing plaintiffs throughout the State of Idaho, in both the state and federal courts, including cases involving class actions for injunctive, declaratory and monetary relief. These decisions have established new case precedent in the District of Idaho and the Ninth Circuit Court of Appeals and some have involved an issue of national importance. I have been lead counsel in numerous appeals to the Ninth Circuit Court of Appeals and Idaho Supreme Court. I have also filed briefs in three different cases in the United States Supreme Court. See Vitae of Howard Belodoff, **Exhibit 1** attached.

3.  I am currently, on a part time basis, the Associate Director of Idaho Legal Aid Services, Inc. (ILAS) and have been an employee for over thirty-seven years. As Associate Director, I am responsible for bringing major litigation and the supervision of approximately 20 attorneys who are employed by ILAS. I am directly responsible for all cases filed by ILAS attorneys in federal court and on all appeals. As part of my responsibilities I am called upon to co-counsel and provide litigation and substantive advice to all ILAS attorneys.

4.  I also have had a part time private practice since 1996. My private office's primary focus is on litigation of complex cases including civil rights, employment law, fair housing and Indian law. I have represented thousands of clients in numerous cases which resulted in judgments and settlements worth tens of millions of dollars. I have been lead counsel in twelve class actions. I have been lead counsel for over thirty-five years and was appointed by the Ninth Circuit as the Next Friend to a class which at any one time has approximately 18,000 members in the case of *Jeff D. v. Otter*, Case No. CV 80-4091-S-BLW (D. Idaho). I was also

DECLARATION OF HOWARD A. BELODOFF IN SUPPORT OF MOTION TO AWARD ATTORNEY FEES AND COSTS –Page 2

lead counsel in a class action brought under the Privacy Act of 1974, 5 U.S.C. § 552a, on behalf of hundreds of tribal members at the Fort Hall Indian Reservation which resulted in a multi-million dollar settlement. See *Fort Hall Landowners Alliance v. Bureau of Indian Affairs*, Case No. CV-99-52-E-BLW (D. Idaho). In the *Fort Hall* case I co-counseled with senior partners at the Defendant's firm. I was lead counsel in *Community House Inc. v. City of Boise*, Case No. CV 05-283-S-CWD (D. Idaho), which was a complex case brought under the Fair Housing Act in which the jury awarded $1 million to a homeless shelter after a twelve day trial. *See also, Community House Inc. v. City of Boise*, 490 F.3d 1041 (9th Cir. 2006). I have acted as co-counsel with Jeremiah Hudson in other complex employment cases, including a Title VII case brought by multiple female corrections officers against Corrections Corporation of America ("CCA"). Deborah Ferguson, who is filing a Declaration in Support of Plaintiffs' Motion for Costs and Attorneys' fees, mediated the case between our clients and CCA.

    5.  I am the immediate past chairperson of the Litigation Section of the Idaho State Bar, and have been recognized by other Idaho attorneys as a "Super Lawyer" five times. I have taught and presented numerous seminars on litigation skills on a national, regional and state level. I have been appointed to serve on several court and executive committees due to my expertise and experience including the Ninth Circuit Court of Appeals Task Force on Prisoner Remedy Procedures, 1994-1997; Idaho Civil Justice Reform Act Advisory Committee, 1991-1996, United States District Court; Idaho Supreme Court Committee to Revise Garnishment and Exemptions Statutes, 2014 to present and the Incarceration Work Group, 1990-1994, when Governor Andrus requested a study and report on prison overcrowding issues and sentencing alternatives. See Vitae of Howard Belodoff, Exhibit 1 attached.

6. I have been retained to co-counsel cases with other law firms due to my expertise in federal litigation. On a regular basis I receive referrals from other attorneys in Boise who direct clients to me because I am willing to undertake representation of difficult and complex cases and recognize my expertise in complex federal litigation.

7. Jeremiah Hudson and I have been co-counsel for the Plaintiffs since October 2013 when we were first contacted by Trainers about their employment at Maximus Inc. Jeremiah Hudson and I were primarily responsible for investigating the facts and legal claims, drafting the initial Complaint, and prosecuting the case. We also supervised and directed the other attorneys and paralegals who assisted with the case. The services of the other attorneys and paralegals that provided assistance in this case were necessary due to the time constraints required by complex litigation and were not duplicative or unnecessary.

8. Whenever possible each attorney and paralegal worked on separate parts of the case to avoid duplication. An example of this is that Mr. Hudson was the primary contact for clients, when that was necessary, except when client meetings were conducted to update Trainers on the status of the case or to prepare for discovery or the mediation. He and a paralegal did most of the document review. However, due to the number of Trainers and the complexity of the case the attorneys and paralegals had to coordinate their efforts by meeting with each other.

9. Jeremiah Hudson and I primarily conducted the litigation after the complaint was filed including drafting the initial disclosures and written discovery, reviewing thousands of pages of documents produced in discovery, attending and conducting the depositions of the Defendant's witnesses and defending against the depositions of the Trainers in Boise, Idaho and Brownsville, Texas. We researched and drafted the notices to the class members and the memorandum and declarations filed in support of the motion to conditionally certify the class.

DECLARATION OF HOWARD A. BELODOFF IN SUPPORT OF MOTION TO AWARD ATTORNEY FEES AND COSTS –Page 4

With the assistance of Allison Blackman, we researched and drafted all pretrial motions and memoranda and declarations and memoranda opposing Maximus' Motion for Summary Judgment.

10. The assistance of each of the attorneys and paralegals was necessary due to the complexity of the factual and legal issues presented in this case which included the investigation of the facts and a large number of witnesses who had knowledge of the circumstances of the events which took place. The class consisted of forty-six Trainers: thirty-three in Boise and thirteen in Brownville. Dkt. 139 at 4. Maximus' Initial Disclosures identified eighteen witnesses with knowledge.

11. The discovery undertaken in this case was extensive. This included written interrogatories and requests for production of documents. Maximus produced hundreds of thousands of pages of documents in discovery that had to be reviewed for possible relevance. Maximus took the depositions of five Trainers in Boise and three Trainers in Brownville, Texas. Plaintiffs took the depositions of three Maximus employees including the Senior Director of Trainers and the Director of Operations in Brownville, and the Director of Human Capital in Boise.

12. Plaintiffs' claims of overtime hours were vigorously disputed by Maximus during the course of the litigation. Maximus first contested the contents of the Notice to be sent to the Trainers informing them of their rights to opt-in to this action. See Dkts. 17-20 and 23-29.

13. The Trainers did not have accurate time records of the hours they worked on a daily basis. The Trainers had to calculate their overtime hours from memory and by using incomplete badge swipe data and other types of documents which counsel provided and reviewed with each Trainer.

DECLARATION OF HOWARD A. BELODOFF IN SUPPORT OF MOTION TO AWARD
ATTORNEY FEES AND COSTS –Page 5

14. Maximus exploited their policies prohibiting Trainers from accurately recording the hours worked and preventing Trainers from recording the actual hours worked in the Deltek time keeping system to contend that their overtime hours were inaccurate and overstated and that there was "significant variability" between the hours claimed by the Trainers and between the Boise and Brownsville sites. Dkt. 99-11 at 8 ¶¶24-25.

15. Maximus retained an expert witness at $475 per hour to support its defenses and contentions regarding the number of overtime hours that Trainers worked at both sites. The expert's report contested the number of overtime hours claimed by the Trainers. Dkt. 103-1 and 103-2. Maximus's expert contended that "Plaintiffs have not provided accurate and reliable evidence or a methodology to support the claimed hours" and "Plaintiffs have not provided any evidence or a methodology to support their apparent claim that these Trainers [Trainers who filed Declarations to support summary judgment] are representative of the other Trainers in Boise or Brownville." Dkt. 99-11 at 3 ¶7.

16. Plaintiffs filed a Motion in Limine to contest the methodology and reliability of Maximus' expert's opinion on the amount of overtime hours the Trainers worked. Dkts. 102-107 and 121. I spent a considerable amount of time analyzing Maximus' expert report. The Motion in Limine required a thorough and complete analysis of the report's findings and opinions based upon a review of thousands of computations and voluminous documents. This analysis could only be done after Plaintiffs served interrogatories and requests for production of documents regarding the expert's opinions and findings and by filing a Motion to Compel because the expert's report failed to disclose necessary information on what data the expert used to reconstruct and extrapolate the hours worked on a weekly basis using her own untested methodology. Dkts. 108 and 122. The Trainers were able to establish that the expert's

DECLARATION OF HOWARD A. BELODOFF IN SUPPORT OF MOTION TO AWARD ATTORNEY FEES AND COSTS –Page 6

extrapolation methodology resulted in a high error rate by using available documentation that indisputably established numerous days the Trainers were working overtime hours which had not been calculated into the expert's anaylsis. Dkt. 121 at 13-16.

17. The parties participated in 25 hours of mediation, over a two-day period, which was conducted by a Judge from the State of Washington with vast experience, including in FLSA cases, which failed to reach a settlement. Maximus' offers of settlement were not accepted by the Trainers because the amount was substantially less than the amount received in the Partial Settlement and did not include any amounts for liquidated damages. Plaintiffs' counsel paid half of the cost of $10,100 for the mediator.

18. Maximus filed a Motion for Partial Summary Judgment. Dkt. 84. Plaintiffs filed a Motion for Summary Judgment that included five Trainer declarations and hundreds of pages of exhibits. Dkts. 93-94 and 121. Maximus submitted twelve declarations in opposition to the Motion for Summary Judgment including declarations from three undisclosed Trainers and documents not previously produced in response to discovery, which contested the overtime hours worked by Trainers in Boise and Brownville. Dkt. 99. Plaintiffs filed a Motion to Strike the undisclosed Declarants and the newly produced documents. Dkts. 101 and 118.

19. Maximus's expert asserted that the total of 9,892.5 overtime hours claimed by the Boise Trainers should be reduced to 3,458 overtime hours or 35 percent of the claimed hours and that the total of 6,211 overtime hours claimed by the Brownville Trainers should be reduced to 3,013 overtime hours or 48.5 percent of the claimed hours. Dkt. 99-11 at 3 ¶10 and 13 ¶39.

20. The Partial Settlement amount was $375,799.16. The number of overtime hours each Trainer would be paid is substantially higher than the reconstructed hours calculated by the expert. Each Trainer is to receive 80.35 percent of their total claimed overtime hours multiplied

DECLARATION OF HOWARD A. BELODOFF IN SUPPORT OF MOTION TO AWARD ATTORNEY FEES AND COSTS –Page 7

by 1.5 times of the hourly equivalent of their annual salary. This settlement was a product of the hours devoted to the representation of the Trainers and to the filing of the pretrial motions although, due to the Partial Settlement, the motions were not ruled upon by the Court

21. After Plaintiffs' counsel sent Notice to all opt-in Trainers of the amount of damages each Trainer would receive and how the damages would be calculated and spoke and corresponded to many of them personally no objections to the Partial Settlement were received by counsel. This indicates that the class was satisfied with the work and result achieved by Plaintiffs' counsel.

22. Plaintiffs' counsels were successful in defeating Maximus's Cross Motion for Summary Judgment as to Liquidated Damages, which resulted in the Court awarding liquidated damages to the Trainers. Dkt. 138.

23. The Plaintiffs did not have the resources to retain private legal counsel and could not financially afford to pay the attorney fees and costs necessary to proceed with this action. The Trainers will not be charged for any of the costs and attorney fees that were incurred in pursuing this action. Plaintiffs' counsel has paid for all of the costs associated with this matter.

24. The hours listed by each attorney are based upon contemporaneous records as the work was being done. All of the hours listed were reasonable and necessary to the prosecution of this action. Counsel has exercised billing judgment and excluded some hours which were not recorded including meetings and conferences among co-counsel.

25. The hourly rate being claimed by Mr. Belodoff is $425. I have charged and received $425 hourly rate in other federal court litigation.

26. Mr. Hudson, a partner in his law firm, who has five and half years of experience, is claiming $250 per hour. Ms. Blackman, an associate in Mr. Hudson's law firm, who has four

DECLARATION OF HOWARD A. BELODOFF IN SUPPORT OF MOTION TO AWARD ATTORNEY FEES AND COSTS –Page 8

years of experience, is claiming $225 per hour. See Declarations of Jeremiah Hudson and Declaration of Allison Blackman filed in support of the Motion to Award Attorney Fees and Costs.

27. Plaintiffs' counsel's hourly rates are based upon the hourly rates presently charged for federal litigation and what other attorneys with similar skill, reputation and experience charge in Boise for similar work. See Declaration Deborah A. Ferguson and the Declaration of Erika Birch filed in support of the Motion to Award Attorney Fees and Costs.

28. Plaintiffs' counsel's hourly rates are consistent with what the United States District Court for the District of Idaho has awarded in litigation to other attorneys of similar skills, reputation and experience in Boise, Idaho. In *Balla v. Idaho State Bd. of Corrections*, Case No. CV 81-1165-S-BLW, Plaintiffs' lead counsel, Mr. W. Christoper Pooser, a partner with the firm of Stoel Rives LLP, requested an hourly rate of $375 in a civil rights case based upon his experience of 19 years in commercial litigation. *Id.* at Dkt. 994-2 at 2. The Court awarded him this hourly rate. *Id.* at Dkt. 1003 at 20.

29. In *Balla*, Mr. Pooser submitted the Declaration of J. Walter Sinclair, a partner with the firm of Holland & Hart, which is the law firm representing Maximus, Inc. in this matter, to support Plaintiffs' request for attorney fees. *Id.* at Dkt. 994-13. Mr. Sinclair stated that clients represented by attorneys from Holland & Hart regularly and consistently pay between $195 and $495 for litigation services depending on the nature of the litigation and the experience of the attorney. *Id.* at Dkt. 994-13 at ¶ 9. These rates would not be based upon a contingency of prevailing but would be charged without regard to the results obtained in the case.

30. Mr. Sinclair stated that clients represented by Holland & Hart regularly and consistently pay between $180 and $205 for litigation services of paralegals in its Boise office

DECLARATION OF HOWARD A. BELODOFF IN SUPPORT OF MOTION TO AWARD
ATTORNEY FEES AND COSTS –Page 9

depending on the nature of the litigation and the experience of the paralegal. *Id.* at Dkt. 994-13 at ¶ 10.

31. Mr. Sinclair, who has the same number of years of experience as Mr. Belodoff, indicated that he charges $435 per hour for his services. *Id.* at Dkt. 994-13 at ¶¶ 3-4.

32. In *Balla* Mr. Sinclair further stated that the $375 hourly rate charged by Mr. Pooser with 19 years of experience and the hourly rates of $260 for an associate with six years of experience and $240 for an associate with ten years of experience were typical for complex litigation in the Boise market for attorneys with their skill and experience. *Id.* at Dkt. 994-13 at ¶¶ 8-9 and ¶ 11.

33. The attorney time which I incurred for the representation of the Trainer class in this action is attached to this Declaration. See **Exhibit 2** attached.

34. The total amount of attorney fees requested by Mr. Belodoff is $339,532.50.

DATED this 11th day of December, 2015.

/s/_____
Howard A. Belodoff

DECLARATION OF HOWARD A. BELODOFF IN SUPPORT OF MOTION TO AWARD ATTORNEY FEES AND COSTS –Page 10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of December 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing and a copy of this document to the following persons:

B. Newal Squyres
Nsquyres@hollandhart.com

Pamela S. Howland
phowland@hollandhart.com

Douglas L. Abbot
dabbott@hollandhart.com

Jennifer Jensen
jmjensen@hollandhart.com