Howard A. Belodoff, ISB No. 2290
BELODOFF LAW OFFICE PLLC
1004 West Fort Street
Boise, ID 83702
Telephone: (208) 331-3378
Facsimile: (208) 947-0014
Email: hbelodoff@hotmail.com

Jeremiah M. Hudson, ISB No. 8364
Allison Blackman, ISB No. 8686
FISHER RAINEY HUDSON
950 West Bannock Street, Suite 630
Boise, ID 83702
Telephone: (208) 345-7000
Facsimile: (208) 514-1900
Email: jeremiah@frhtriallawyers.com
allison@frhtriallawyers.com

*Attorneys for Plaintiffs*
*and the Putative Collective Action Members*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| YVETTE NORTON, JEANNETTE RODRIGUEZ-GUZMAN, KELLY BARKER, JOSEPH BELL, BRAD EPPERLY, STEPHANIE JONES, KATHERINE KELLEY KNOWLES, NANCY RICHARDS, and MARK ZUMWALT, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>MAXIMUS INC.<br><br>*Defendant* | Civil Action No. 1:14-cv-00030<br><br>DECLARATION OF ERIKA BIRCH IN SUPPORT OF MOTION TO AWARD ATTORNEY FEES AND COSTS |

I, Erika Birch, declare under penalty of perjury as follows:

1. I am the managing partner of Strindberg & Scholnick, LLC's Boise office, and I

make this affidavit from personal knowledge.

2. I graduated from University of Colorado School of Law in May 2000 and was licensed to practice law in Colorado in October 2000. I have been practicing in the area of employment and civil rights law, mainly on behalf of plaintiffs, since that time (a total of more than 15 years). I was admitted to practice law in Idaho in November 2007. After moving to Idaho I opened the firm's Boise office in mid-2008.

3. I am licensed in Colorado, Utah and Idaho and have been admitted to and appeared in state and federal courts in all three states. I am admitted and have appeared before the Tenth Circuit Court of Appeals and admitted to the Ninth Circuit Court of Appeals. I was admitted to practice in Idaho in November 2007 and opened the firm's Boise office in mid-2008.

4. Since moving to Idaho, I have served as Vice Chair (2007/08) and Chair (2009/10) of the Idaho State Bar's Labor and Employment Section. I currently serve on the governance committee of the Idaho State Bar's Litigation Section (2011-14). I am a member of the National Employment Lawyer's Association. I am on the Board of Directors for the Idaho Trial Lawyers Association. I am also a member of the Federal Bar Association (including the Idaho chapter). I have been serving on Idaho Supreme Court's Advancing Justice Committee since 2012. I have given numerous presentations and written many articles related to employment and civil rights law.

5. I and the law firm have represented employees in employment cases in federal and state courts and in arbitration in Idaho, Utah and Colorado since 2000. This includes complex cases under the Fair Labor Standards Act, including class and collective actions. I am generally familiar with the work of Mr. Belodoff and Mr. Hudson through my work with professional associations of which I am a member and their reputations among members of the Idaho State Bar.

6. My current hourly rate is $250 per hour. This has been my billable hourly rate since 2012 and is, in my opinion, under market value. The bulk of my litigation practice however is on a contingency basis. When attorneys bill at their customary hourly rates, those rates do not factor in the contingent risk, skill, difficult and complexity of cases. I am generally familiar with the hourly rates billed by local attorneys that practice in civil rights/employment litigation in Boise, Idaho.

7. Representing employees in employment cases is often a difficult task. In employment cases, discovery and motion practice (including dispositive motions) is typically complicated and requires many attorney hours. In most of these cases, Plaintiffs' counsel is not being paid as the work is being done but must work for several years before being paid, as happened in this case. When dealing with class action practice where there are numerous class members, it make the litigation even more time intensive and complex. Plaintiffs' counsel also often has to front the costs necessary during the litigation. This makes employment litigation more risky because there is no assurance that an attorney will be compensated for the work.

8. Additionally, I am aware that courts are empowered to award fee enhancements, or multipliers, based on factors, including the time and labor required, the complexity of a case, the skill required, the preclusion of taking on other employment, whether the fee is contingent, the results obtained, and the experience and skill of counsel.

9. I have been generally familiar with the litigation in this case and have reviewed the Court's Memorandum and Order Re: Cross-Motions for Summary Judgment as to Liquidated Damages, Dkt. 138 and Memorandum and Order Re: Motion for Final Approval of Partial Class Action Settlement, Dkt. 139 in this case. I have also reviewed the Declaration of Howard Belodoff and his *Vitae* and the Declarations of Jeremiah Hudson and Allison Blackman listing their professional experience in State and Federal Court.

10. In my opinion the results obtained by Plaintiffs' counsel on behalf of the class under the Partial Settlement and the Court's decision to award liquidated damages were impressive and significant. Additionally, as is often the case in class actions under the FLSA, the overtime pay awarded and liquidated damages do not reflect the importance of the public policies which are inherent in the enforcement of these types of cases.

11. Given the above, I believe the time spent and the hourly rates charged, were reasonable and necessary to obtain the results in this case. Given Messrs. Belodoff's and Hudson's, and Ms. Blackman's respective years of litigation experience in employment and other complex cases, therates requested by each attorney are certainly reasonable and consistent with what other attorneys charge by the hour in the Boise market. I also understand that Class counsel is not asking for reimbursement for all of the time spent in the case including time spent by other experienced attorneys in their firms. In my opinion, this further supports the reasonableness of the hourly rates and time requested.

DATED this 11th day of December, 2015.

Erika Birch

Erika Birch

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of December 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing and a copy of this document to the following persons:

B. Newal Squyres
Nsquyres@hollandhart.com

Pamela S. Howland
phowland@hollandhart.com

Douglas L. Abbot
dabbott@hollandhart.com

Jennifer Jensen
jmjensen@hollandhart.com