1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                              DISTRICT OF IDAHO

10                              ----oo0oo----

11

12  YVETTE NORTON, JEANNETTE          CIV. NO. 1:14-30 WBS
    RODRIGUEZ-GUZMAN, KELLY
13  BARKER, JOSEPH BELL, BRAD         MEMORANDUM AND ORDER RE: MOTION
    EPPERLY, STEPHANIE JONES,         FOR RECONSIDERATION OR
14  KATHERINE KELLEY KNOWLES,         INTERLOCUTORY APPEAL
    NANCY RICHARDS, and MARK
15  ZUMWALT, Individually and On
    Behalf of All Others
16  Similarly Situated,

17             Plaintiffs,

18        v.

19  MAXIMUS INC.,

20             Defendant.

21

22                              ----oo0oo----

23        On May 19, 2016, the court granted summary judgment in

24  favor of the First-Level Supervisor plaintiffs ("Supervisors") on

25  their claim that defendant misclassified them as exempt employees

26  in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29

27  U.S.C. §§ 201-219.  (Docket No. 187.)  As explained in detail in

28  the May 19, 2016 Order, defendant misclassified the Supervisors

                                    1

as exempt employees because it failed to comply with the salary basis test.  Defendant now seeks reconsideration of the court's May 19, 2016 Order on the ground that it has since reimbursed the Supervisors for any improper deductions and thus can rely on the window of correction rule.  Alternatively, defendant requests the court to certify its May 19, 2016 Order for interlocutory appeal.

I.   Motion for Reconsideration

The FLSA's window of correction rule provides: "Improper deductions that are either isolated or inadvertent will not result in loss of the exemption for any employees subject to such improper deductions, if the employer reimburses the employees for such improper deductions."  29 C.F.R. § 541.603(c).  Defendant contends it has now reimbursed all Supervisors for deductions made under its formula that the court held violated the salary basis test in the May 19, 2016 Order.  Relying on the argument that its improper deductions were "inadvertent" under the window of correction rule, defendant requests the court to reconsider its grant of summary judgment in favor of the Supervisors on their misclassification claim.

In Klem v. County of Santa Clara, the Ninth Circuit held that the Secretary of Labor's interpretation that limited the scope of "inadvertent" deductions for purposes of the window of correction rule was entitled to deference.  208 F.3d 1085, 1093 (9th Cir. 2000).  The Secretary of Labor had opined "that the window of correction is available only to employers that have demonstrated the 'objective intention' to pay their employees on a salaried basis. . . . [W]hen an employer has not demonstrated that intention, it cannot, after the fact, use the window of

correction to bring itself into compliance with the 'salary basis' regulations and thereby turn nonsalaried employees into salaried employees." Id. at 1091. "[U]nder the Secretary's interpretation, an employer 'that engages in a practice of making impermissible deductions in its employees' pay, or has a policy that effectively communicates to its employees that such deductions will be made, necessarily has no intention of paying its employees on a "salary basis."'" Id.

As defendant appears to acknowledge, its subjective intent is not relevant. See id. ("The question is not whether an employer has the subjective intention that its employees be exempt from the FLSA's overtime provisions."). Defendant nonetheless argues it can have an "objective intention" to pay its employees on a salaried basis if it adopts a policy that it reasonably (i.e., "objectively") believes complied with the salary basis test. Nothing in Klem or the regulations support such an interpretation. The regulations expressly provide that "[a]n actual practice of making improper deductions demonstrates that the employer did not intend to pay employees on a salary basis." 29 C.F.R. § 541.603(a). Klem similarly evaluated whether the employer's practice complied with the regulations, not whether the employer reasonably believed it did. See Klem, 208 F.3d at 1091.

In the May 19, 2016 Order, this court found that defendant failed to meet the salary basis test as a matter of law because its formula for calculating deductions resulted in deductions affected by the varying number of hours in a pay period and thus were not "proportional to the time actually

missed by the employee" as required under § 541.602(c).  As one example, the same Supervisor incurred a deduction of $397.80 for missing 8 hours of work in a pay period with 72 hours, but only $117 for missing 8 hours of work in a pay period with 88 hours.  (See May 19, 2016 Order at 15:15-16:7; see also May 19, 2016 Order at 11:3-16:7 (articulating defendant's formula and how the deductions varied based on the number of hours in a pay period).)  As the court explained, the formula resulted in deductions that violated the salary basis test because a Supervisor's pay was reduced based on the "quantity" of work performed.  (See id. at 8:17-22:4.)

Because defendant had an actual practice of making improper deductions, it cannot rely on the window of correction rule.  See Klem, 208 F.3d at 1093 ("The window of correction, therefore, is available to employers that have exempt employees, because those are the only employers who can lose exemptions.  An employer that does not pay on a salaried basis does not have exempt employees.  The window of correction is unavailable to such an employer, because the window operates to protect employers from losing exemptions or, in other words, to preserve existing exemptions.").

Nor can the Ninth Circuit's deference to the Secretary of Labor's interpretation in Klem be ignored simply because the Secretary was interpreting a prior version of the window of correction rule.  At the time Klem was decided, the window of correction rule provided: "[W]here a deduction not permitted by these interpretations is inadvertent, or is made for reasons other than lack of work, the exemption will not be considered to

have been lost if the employer reimburses the employee for such deductions and promises to comply in the future."   29 C.F.R. § 541.118(a)(6) (2000).   As amended in 2004, the window of correction rule now provides, "Improper deductions that are either isolated or inadvertent will not result in loss of the exemption for any employees subject to such improper deductions, if the employer reimburses the employees for such improper deductions."   Id. § 541.603(c).   The 2004 amendments thus did not alter the rule's application to "inadvertent" deductions.   Nor is there any suggestion that the Secretary of Labor has since abandoned the interpretation the Ninth Circuit deferred to in Klem.

Despite Klem, defendant contends that its deductions should still be treated as "inadvertent" under the window of correction rule because, prior to this court's May 19, 2016 Order, neither the Department of Labor nor a court had evaluated and rejected its formula to calculate deductions and its formula was not an absurd application of the salary basis test.   The Department of Labor, however, has described "[i]nadvertent deductions [as] those taken unintentionally, for example, as a result of a clerical or time-keeping error."   Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22122, 22181 (Apr. 23, 2004).   The relief defendant seeks sounds more akin to a good faith or reasonableness defense, but defendant does not cite any authority giving rise to such a defense.

Inferring the existence of a good faith or reasonableness defense in the absence of any language in the FLSA or regulations interpreting it would conflict with "the rule that FLSA exemptions are to be narrowly construed against . . . employers and are to be withheld except as to persons plainly and unmistakably within their terms and spirit." Auer v. Robbins, 519 U.S. 452, 462 (1997) (internal quotation marks and citation omitted) (omission in original).  Inferring such a defense from Congress's silence would also be inconsistent with 29 U.S.C. § 216(b), in which Congress expressly provided for consideration of an employer's good faith mistake when determining whether to award liquidated damages.  See 29 U.S.C. § 260 (vesting the court with discretion to award a lesser amount only "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that [the employer] had reasonable grounds for believing that his act or omission was not a violation of" the FLSA).

Furthermore, none of the factors listed in § 541.603 that the court can consider "when determining whether an employer has an actual practice of making improper deductions" suggest that the employer's subjective intent or the reasonableness of improper deductions is relevant.  See 29 C.F.R. § 541.603(a) ("The factors to consider when determining whether an employer has an actual practice of making improper deductions include, but are not limited to: the number of improper deductions, particularly as compared to the number of employee infractions warranting discipline; the time period during which the employer made improper deductions; the number and geographic location of

employees whose salary was improperly reduced; the number and geographic location of managers responsible for taking the improper deductions; and whether the employer has a clearly communicated policy permitting or prohibiting improper deductions.").

The strongest support defendant has for some type of reasonableness defense relies on obiter dictum from <u>Block v. City of Los Angeles</u>, 253 F.3d 410 (9th Cir. 2001).  In <u>Block</u>, the Ninth Circuit indicated it would be "hesitant to agree with the district court that the employees were entitled to summary judgment" under the salary basis test if the employer had imposed "only eight improper suspensions over six years, with fully half of those occurring as the result of an erroneous but not absurd interpretation of the law."  253 F.3d at 418.  The Ninth Circuit ultimately found, however, that the employer had "a pattern or practice of violations demonstrating an intention not to pay employees on a salaried basis" based on thirteen improper deductions that directly conflicted with the controlling regulations.  <u>Id.</u> at 419 (internal quotation marks and citation omitted).

Although the <u>Block</u> court mentioned the employer's "erroneous but not absurd interpretation of the law," it did not articulate why the error would be relevant or cite any authority suggesting that an "erroneous but not absurd interpretation" would entitle the employer to protection under the salary basis test.  The court's hesitation could more easily be attributed to the small number of improper suspensions it referred to, especially when it ultimately held that the employer could not

7

satisfy the salary basis test because the evidence revealed a greater number of improper suspensions.  Id. at 418-19.  As support for its "hesitation," the Block court also relied exclusively on two cases that held in favor of the employer based on the low number of improper suspensions.  Id. at 418 (citing DiGiore v. Ryan, 172 F.3d 454, 464 (7th Cir. 1999), as "affirming grant of summary judgment to employer despite five improper suspensions because suspensions were infrequent and under unusual circumstances" and Davis v. City of Hollywood, 120 F.3d 1178, 1180 (11th Cir. 1997), as holding that "four suspensions for less than a week did not prevent employer from availing itself of window of correction"); see also Paresi v. City of Portland, 182 F.3d 665, 667-68 (9th Cir. 1999) (applying the window of correction rule when the evidence showed only "two actual instances of arguably impermissible deductions" over the course of several years and in a class of forty-three employees).

Defendant's reliance on Abshire v. County of Kern, 908 F.2d 483 (9th Cir. 1990) is also misplaced.  Although defendant points out that the employer's policy of deductions in Abshire violated a limitation expressly addressed in a Department of Labor ruling, the Ninth Circuit did not suggest that the ruling was necessary to its finding that the employer had an actual practice.  The issue in that case was whether an employee was still paid on a salary basis when the employer "deliberately adopt[ed]" a policy that subjected an employee's pay to deductions for unpermitted reasons, but deductions were not made under that policy.  Abshire, 908 F.2d at 488.  The Ninth Circuit concluded that, when the employer has an express policy allowing

1  deductions for unpermitted reasons, "the frequency with which an

2  employer is forced to apply that policy is irrelevant" and thus

3  the employee was not paid on a salary basis even though improper

4  deductions provided for in the policy were not made.[1]  Id.

5       Here, defendant applied its formula to every Supervisor

6  and, while its method was more favorable under some

7  circumstances, it resulted in a greater deduction approximately

8  25% of the time.  (See May 19, 2016 Order at 21:2-4.)  Defendant

9  has not cited any case supporting the finding that it did not

10  have a practice of improper deductions when its universally

11  applied formula resulted in deductions that were not proportional

12  to the time actually missed by the Supervisors.  Under these

13  facts, defendant's improper deductions were not "inadvertent"

14  under the window of correction rule and the court must therefore

15  deny its motion for reconsideration based on that defense.

16  II.  Motion for Interlocutory Appeal

17       Under 28 U.S.C. § 1292(b), a district court may certify

18  for appeal an interlocutory order that is not otherwise

19  appealable if the district court is "of the opinion that such

20

21       [1]  Abshire is no longer controlling on that issue.  In
    Auer, the Supreme Court deferred to the Secretary of Labor's
22  conclusion that a policy of unpermitted deductions can defeat the
    salary basis test when it subjects the employee to improper
23  deductions "as a practical matter," which means "there is either
    an actual practice of making such deductions or an employment
24  policy that creates a significant likelihood of such deductions."
    Auer, 519 U.S. at 461 (internal quotation marks and citation
25  omitted); see also Childers v. City of Eugene, 120 F.3d 944, 946-
    47 (9th Cir. 1997) (discussing Abshire and Auer and concluding
26  that Auer "implicitly overrule[d]" Abshire's holding that a
    policy that "nominally" subjects employees to improper deductions
27  and renders them nonexempt under the salary basis test forecloses
    the window of correction defense).
28

9

order [1] involves a controlling question of law as to which [2] there is substantial ground for difference of opinion and that [3] an immediate appeal from the order may materially advance the ultimate outcome of the litigation." 28 U.S.C. § 1292(b). A question of law is controlling if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court" and it is not collateral to the major issues of the case. In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982).

The Ninth Circuit has held that § 1292(b) "is to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966). It is "not intended merely to provide review of difficult rulings in hard cases." Id. The party seeking to appeal therefore has the burden of justifying a departure from the basic policy of postponing appellate review until after the entry of a final judgment. In re Cement, 673 F.2d at 1026.

Like most motions for summary judgment, the court's May 19, 2016 Order involved a controlling question of law and defendant contends there is a substantial ground for a difference of opinion. Nonetheless, an immediate appeal would not materially advance the outcome of the litigation. The parties agree that the determination of damages is all that remains in this case. Although the parties still anticipate further discovery on damages, the remaining discovery is not substantial when compared to the time it would take for resolution of an interlocutory appeal.

1    Defendant has received most of the claimed
2    uncompensated overtime from the Supervisors and believes it will
3    receive the remaining claims relatively soon.  It also
4    anticipates possibly taking ten to sixteen depositions of
5    Supervisors to address their overtime claims.  Such depositions
6    would have a narrow focus and should take not take long.
7    Defendant also anticipates hiring an expert to review the claimed
8    overtime and compare it to the existing records.  Plaintiff
9    explained at oral argument, however, that that the review of the
10   Supervisors' claimed overtime should not be as labor-intensive as
11   it was with the Trainers because the Supervisors generally
12   completed all work in the office and thus the badge swipe system
13   is more reliable for the Supervisors.  The Trainers, on the other
14   hand, claimed to have worked significant overtime outside of the
15   office after an exit badge swipe might have suggested they
16   finished working.   As defendant's desire to take depositions
17   shows, calculating damages will also rely in part on the
18   Supervisors' memories about the overtime they worked, and the
19   delay from an interlocutory appeal risks decreasing the accuracy
20   of their memories.

21   If the court granted an interlocutory appeal, not only
22   would the case incur the delay of that appeal, a second appeal as
23   to damages would possibly result if this court's decision is
24   affirmed.  The Supervisors would thus be prejudiced in having to
25   incur substantial delay from two appeals before receiving pay for
26   overtime that the FLSA entitles them to receive.

27   For all of these reasons, the court finds that
28   traditional appellate review after final judgment would be the

1  most efficient avenue for defendant to challenge the court's

2  application of the salary basis test.  As the court discussed

3  with the parties at the hearing, the trial and pretrial dates

4  were previously vacated and need to be reset.  The court will

5  therefore set a status conference for September 23, 2016.

6      IT IS THEREFORE ORDERED that defendant's motion for

7  reconsideration of the May 19, 2016 Order or, alternatively,

8  certification of that Order for interlocutory appeal, (Docket No.

9  189), be, and the same hereby is, DENIED.

10      A status conference is set in this matter for Friday,

11  September 23, 2016 at 10:00 a.m. (MST).  No later than September

12  16, 2016, the parties shall file a joint status report that (1)

13  identifies the remaining discovery and provides a proposed

14  deadline for the completion of all discovery; (2) indicates

15  whether the parties anticipate any dispositive motions and

16  provides a deadline for the filing of any dispositive motions;

17  (3) estimates the length of trial and indicates whether the trial

18  will be a bench or jury trial; and (4) provides proposed dates

19  for the Final Pretrial Conference and trial.

20  Dated:  September 2, 2016

21

22  WILLIAM B. SHUBB
    UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

12